IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGA GAS MARKETING LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| KOCH ENERGY SERVICES, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT KOCH ENERGY SERVICES, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Koch Energy Services, LLC ("Koch Energy") files this Notice of Removal and hereby removes the above-captioned action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. As set forth below, diversity jurisdiction exists over this action because the parties are completely diverse and the amount in controversy exceeds $75,000.

### I. BACKGROUND

On March 19, 2021, Plaintiff Targa Gas Marketing LLC ("Targa") sued Koch Energy in the 334th Judicial District Court of Harris County, Texas, seeking declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code from Targa's contractual obligation to supply gas to Koch Energy under the Base Contract for Sale and Purchase of Natural Gas, dated March 18, 2014 (the "Contract"). (*See* Ex. F-1, Pet. ¶¶ 8-14.)

Targa alleges that its declaration of Force Majeure, as that term is defined in the Contract, excused its undisputed failure to supply gas to Koch Energy for a certain period of time in February 2021. (*See* Ex. F-1, Pet. ¶¶ 15-20.) Targa seeks non-monetary relief, attorneys'

fees, and costs. (*Id.* ¶ 6.) The economic impact of the declaratory relief sought by Targa exceeds $75,000. Indeed, as a result of Targa's undisputed failure to supply gas to Koch Energy as required by the Contract, Targa owes Koch Energy more than $29 million.[1] Koch Energy accepted service of citation and petition on April 7, 2021. (*See* Ex. D, Rule 11 Agreement.)

## II. DIVERSITY JURISDICTION

This Court has subject-matter jurisdiction over this suit under 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

### A. There is complete diversity of citizenship.

For diversity purposes, "the citizenship of a LLC is determined by the citizenship of all of its members," *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), and a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Targa, a limited liability company, is a citizen of Delaware and Texas. Targa is a subsidiary of Targa Resources, Inc., which, upon information and belief, is the ultimate member of Targa for diversity purposes. Targa Resources, Inc. is a Delaware corporation that maintains its principal place of business in Texas. Accordingly, Targa is a citizen of Delaware and Texas for diversity purposes.

Koch Energy, a limited liability company, is a citizen of Kansas and not a citizen of Delaware or Texas. Koch Energy's sole member is Koch Energy Holdings, LLC, whose sole member is KAES Domestic Holdings, LLC, whose sole member is KAES Equity Holdings,

---

[1] The "notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C.A. § 1446(c)(2)(A)(i).

LLC. KAES Equity Holdings, LLC has two members: KAES Investor, LLC and Koch Ag & Energy Solutions, LLC. The sole member of KAES Investor, LLC is Koch Ag & Energy Solutions, LLC, whose sole member is Koch Resources, LLC, which is wholly owned by Koch Industries, Inc., a Kansas corporation that maintains its principal place of business in Kansas. Accordingly, Koch Energy is a citizen of Kansas for diversity purposes.

Because Targa is a citizen of Delaware and Texas, and Koch Energy is not a citizen of Delaware or Texas, but a citizen of Kansas, the parties are completely diverse.

**B.  The amount in controversy requirement is satisfied.**

"The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

Because Targa owes Koch Energy more than $29 million, the rights Targa seeks to have declared have a value of greater than $75,000 and the relief Targa seeks would result in injuries to Koch Energy in excess of $75,000. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1446(c)(2).

### III.  PROCEDURAL ALLEGATIONS

In compliance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of April 7, 2021—the date that Koch Energy accepted service of process. (*See* Ex. D, Rule 11 Agreement.)

Venue is proper under 28 U.S.C. § 1446(a) because the 334th Judicial District Court of Harris County, Texas is within the district and division of this Court.

Promptly after filing this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Koch Energy will provide written notice to Targa of this Notice of Removal and file a copy of

this Notice of Removal with the clerk of the 334th Judicial District Court of Harris County, Texas.

Consistent with 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, the following documents are attached to this Notice of Removal:

- an index of matters being filed (Exhibit A);
- the state court docket sheet (Exhibit B);
- a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit C);
- all executed process in the case (Exhibit D);
- all orders signed by the state court judge (Exhibit E); and
- pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibit F).

Koch Energy submits this Notice of Removal without waiving any defenses to the claims asserted by Targa or any affirmative claims Koch Energy has against Targa, and without conceding in any way that Targa is entitled to any monetary or equitable relief whatsoever.

## IV.  CONCLUSION

Koch Energy requests that this Court take jurisdiction of this action to its conclusion and to the exclusion of any further proceedings in the state court in accordance with the law set forth above.

| | |
|---|---|
| Dated: April 15, 2021 | Respectfully submitted, |
| Of Counsel: | By: */s/ Timothy S. Durst* |
| | Timothy S. Durst |
| Louis E. Layrisson, III | Attorney-in-Charge |
| State Bar No. 24067722 | State Bar No. 00786924 |
| SDTX No. 1138417 | SDTX No. 19715 |
| Liam O'Rourke | BAKER BOTTS L.L.P. |
| State Bar No. 24098195 | 2001 Ross Avenue |
| SDTX No. 2802574 | Dallas, Texas 75201-2980 |
| BAKER BOTTS L.L.P. | 214.953.6816 |
| 910 Louisiana Street | 214.661.4816 (Fax) |
| Houston, Texas 77002-4995 | tim.durst@bakerbotts.com |
| 713.229.1421 | |
| 713.229.7721 (Fax) | |
| louie.layrisson@bakerbotts.com | ATTORNEYS FOR DEFENDANT |
| liam.orourke@bakerbotts.com | KOCH ENERGY SERVICES, LLC |

Kristin Alvarado
State Bar No. 24116024
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
214.953.6662
214.661.4662 (Fax)
kristin.alvarado@bakerbotts.com

## CERTIFICATE OF SERVICE

    I hereby certify that, on April 15, 2021, a true and correct copy of the above and foregoing was served on all known counsel of record by electronic service and/or electronic mail as follows:

David W. Jones
BECK REDDEN L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas 77010
djones@beckredden.com

ATTORNEYS FOR PLAINTIFF
TARGA GAS MARKETING LLC

                */s/ Liam O'Rourke*
                Liam O'Rourke